# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-1987 (JFB)(GRB)

YAA-LENGI NGEMI,

Plaintiff,

VERSUS

COUNTY OF NASSAU AND NASSAU COUNTY SHERIFF'S OFFICE,

Defendants.

**MEMORANDUM AND ORDER**
February 20, 2015

JOSEPH F. BIANCO, District Judge:

This action arises from plaintiff's imprisonment for failing to meet his child support obligations. On March 28, 2014, plaintiff Yaa-Lengi Ngemi ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York law against the County of Nassau and the Nassau County Sheriff's Office ("defendants"), alleging that he was wrongfully detained pursuant to an order of commitment issued by the Nassau County Family Court.

Presently before the Court is the defendants' motion to dismiss the complaint.[1] For the reasons set forth herein, the Court grants the motion to dismiss the federal claims in their entirety. In brief, it is undisputed that the commitment order was valid at the time of the plaintiff's arrest in December 2012. Moreover, the commitment order explicitly directed the Sheriff to "take the body of Respondent and safely keep in close custody in the jail of the above-named county for a period of 93 days." (Order, Docket Entry 9-1.) The commitment order does not direct the Sheriff to bring plaintiff to court, or to provide him with any additional process; rather, it directs the Sheriff to bring him to jail for ninety-three days. Thus, no plausible due process claim under Section 1983 can exist against the Sheriff's Office for executing this facially valid commitment order. As a threshold matter, plaintiff had a full and fair opportunity to litigate his child support obligations, and had the right to appeal the commitment order (which he opted not to do). Plaintiff nevertheless contends that he should have been afforded additional process after his arrest, including an opportunity to demonstrate to the court that

---

[1] In his opposition papers, plaintiff voluntarily withdrew all claims against the Nassau County Sheriff's Department.

1

he had a present inability to pay child support under Section 455(5) of the New York Family Court Act. However, that section allows for modification of ongoing child support obligations, but does not allow for modification of prior arrears unless good cause is shown for failing to seek such relief prior to the accrual of such arrears. In any event, whatever process was available to plaintiff under state law after his arrest under the valid commitment order (either to purge the order in the amount of the arrears or to otherwise challenge his detention), the Sheriff had no legal obligation to bring plaintiff to court before bringing him to jail pursuant to the valid commitment order. The commitment order explicitly directed the Sheriff to bring plaintiff to jail. There is no claim that the Sheriff, in any way, interfered with the ability of plaintiff (or an attorney for plaintiff) to attempt to seek additional process to challenge the valid commitment order in state court after his arrest. Thus, as a matter of law, the Section 1983 due process claim against the Sheriff's Department is implausible and completely without merit. In addition, given the absence of a constitutional violation by any employee of the Sheriff's Department, no plausible *Monell* claim can exist against the County. In any event, in the alternative, the conclusory allegations about the County's policies and practices are insufficient to support a plausible *Monell* claim. Accordingly, the Court grants the motion to dismiss all the federal claims.

To the extent that plaintiff is attempting to assert state law claims, the Court declines, in its discretion, to exercise supplemental jurisdiction over such claims.

I. BACKGROUND

The following facts are taken from the complaint and from public records annexed to the parties' submissions in connection with this motion. The Court will assume these facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

On March 20, 2008, the New York State Family Court in Nassau County held a hearing to address plaintiff's failure to meet his child support obligations under a previous court order. Plaintiff attended the hearing. (*See* Order, Docket Entry 14-1.) Following the hearing, the court issued an Order of Disposition finding that plaintiff had willfully failed to obey a previous order of support. (*Id.*) The order recommended that plaintiff "be committed to County jail, for a period not to exceed six months unless the arrears are paid in full," and the order reflects that it was mailed to plaintiff. (*Id.*)

On January 20, 2010, the Family Court issued an Order of Commitment, which was mailed to plaintiff. The order stated:

> An order having been made dated March 20, 2008, adjudging Respondent to be in willful violation of said order; it is therefore, ORDERED that Respondent be and hereby is committed to Nassau County Correctional Facility for a term of 93 days from the beginning of said confinement unless sooner discharges according to law or until; respondent is allowed to purge in the amount of $12,191.67 to be applied toward arrears. NOW, THEREFORE, WE COMMAND YOU, any Peace Officer, or the Sheriff of any County wherein Respondent may be found, that you take the body of Respondent and safely keep in close custody in the jail of the above-named county for a period of 93 days.

2

(*See* Order, Docket Entry 9-1.) The order notified plaintiff that Section 1113 of the Family Court Act provided plaintiff with thirty days to appeal the order of commitment.

On December 28, 2012, plaintiff was arrested pursuant to the order of commitment. (Compl. at ¶ 13.) Plaintiff was transported to the Nassau County Correctional Center, where he was detained for ninety-three days. (Compl. at ¶¶ 18-23.) Plaintiff was neither arraigned nor otherwise brought before a court during the period of his detention and incarceration. (Compl. at ¶ 17.)

Plaintiff filed this action on March 28, 2014, asserting claims pursuant to 42 U.S.C. § 1983 of false arrest, denial of due process, and denial of the right to counsel, in addition to claims under New York law. Defendants filed a motion to dismiss the complaint on July 10, 2014, and plaintiff filed an opposition to that motion on September 23, 2014. Defendants filed a reply on October 20, 2014, and the Court heard oral argument on November 14, 2014.

The issue before the Court has been narrowed as a result of plaintiff's representations at oral argument. Plaintiff's counsel has clarified that plaintiff does not challenge the legality of his initial arrest, which plaintiff concedes was lawfully effected pursuant to a valid order of commitment. Instead, plaintiff's sole claim is that, following his initial detention at Nassau County Correctional Center, plaintiff should have been afforded judicial process *after* his arrest, so that he could present evidence to a court that he was unable to pay the amount ordered due to his recent loss of employment. (Compl. at ¶ 22.) Thus, the sole question before the Court is whether the Sheriff's Office denied plaintiff due process of law when it detained plaintiff pursuant to the order of commitment.

This matter is fully submitted, and the Court has fully considered the submissions of the parties.

II. MOTION TO DISMISS

A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In adjudicating a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

B. Discussion

Plaintiff maintains that defendants deprived him of his liberty without due process of law, in violation of the Fourteenth Amendment. For the following reasons, the Court concludes that plaintiff's complaint fails to state a plausible claim of denial of due process.

To assert a violation of procedural due process rights, a plaintiff must establish "that (1) he possessed a liberty interest and (2) defendants deprived him of that interest without sufficient process." *Walker v. Fischer*, 523 F. Appx. 43, 44 (2d Cir. 2013) (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)). Notice and an opportunity to be heard are the hallmarks of due process. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Brody v. Vill. of Port Chester*, 434 F.3d 121, 131 (2d Cir. 2005) (holding that "if reasonable notice and opportunity for a hearing are given, due process will be satisfied").

In the present case, public records clearly demonstrate that plaintiff was afforded ample process in advance of his ultimate incarceration.[2] Plaintiff was present at the March 20, 2008 hearing, where his failure to comply with the order of support was addressed. The Order of Disposition, which was mailed to plaintiff after the hearing, specifically warned plaintiff that his failure to comply with his child support obligations would result in his imprisonment. That order afforded plaintiff the opportunity to object to the Court's findings within thirty-five days. Likewise, the Order of Commitment was mailed to plaintiff, and advised plaintiff of his ability to appeal the order. Nevertheless, at the time of plaintiff's arrest and detention, plaintiff had not contested the Order of Disposition or the Order of Commitment in any way. As a result, the Order of Commitment remained in effect at the time of plaintiff's arrest.[3]

Plaintiff argues that Section 455(5) of the New York Family Court Act entitled plaintiff to a hearing, following his arrest, so

---

[2] In fact, as noted *supra*, plaintiff's counsel conceded at oral argument that plaintiff is only challenging the alleged lack of process *after* his arrest on the valid commitment order.

[3] The complaint describes this order as "aged," and intimates that the order of commitment was invalid at the time of plaintiff's arrest because it was issued two years before it was executed. (*See* Compl. at ¶¶ 21-22.) Plaintiff's briefing offers no support for his contention that the order was invalid, and indeed plaintiff's counsel conceded at oral argument that the order of commitment was valid.

4

that he could present evidence of his present inability to pay child support. Section 455(5) provides that:

> Any respondent may assert his or her financial inability to comply with the directions contained in an order issued under this article or an order or judgment entered in a matrimonial action . . . . If the Court, upon the hearing of such contempt proceeding, is satisfied by competent proof that the respondent is financially unable to comply with such order or judgment, it may, in its discretion, until further order of the court, make an order modifying such order or judgment . . . .

N.Y. Family Court Act, § 455(5). In other words, the Family Court Act permits a respondent to make an application asking the family court, in its discretion, to modify an order of support based on the respondent's financial hardship. Defendants argue that plaintiff's failure to make such an application in the four years between the original disposition hearing and plaintiff's arrest is dispositive here. The Court agrees.

Over the course of the four years that the judgment against him was outstanding, plaintiff did not claim he was unable to pay the $12,191.67 in arrears. That judgment dealt with previous child support payments owed to plaintiff's wife. Plaintiff has never claimed that he was unable to pay those child support payments at the time they were ordered. As a result, § 455(5) is inapplicable here, because § 455(5) does not provide for relief from orders concerning arrears on prior support obligations; instead, that section addresses a respondent's present inability to pay an ongoing award of support. As defendants correctly point out, § 455(5) expressly limits the relief available to respondents who experience financial hardships, and the family court may not "reduce or annul arrears accrued prior to the making of such application for modification unless the defaulting party shows good cause for failure to make application for relief from the order or judgment directing such payment prior to the accrual of such arrears." *Id.* Plaintiff does not contend that such good cause existed at the time of the accrual of the arrears. Because plaintiff's alleged hardship occurred years after his arrears accrued, the Family Court Act does not appear to provide for the type of relief plaintiff claims he was entitled to seek after his arrest.

Of course, the Order of Commitment permitted plaintiff to purge the contempt by paying the judgment, consistent with the oft-cited principle that a civil contemnor "carries the keys of his prison in his own pocket." *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994). However, this case is not an appeal of the Family Court's orders, and the question before this Court is not whether the Family Court afforded plaintiff adequate process.[4] This is a Section 1983 action against the County of Nassau and the Nassau Sheriff's Office[5] for allegations of

---

[4] For this reason, the Court disagrees with defendants' contention that this Court lacks jurisdiction over plaintiff's claims under the *Rooker/Feldman* doctrine. Plaintiff's claims arise from what he claims the Sheriff's office did, or failed to do, after his arrest. Though plaintiff complains of injuries caused by a state court judgment, his claims do not ask the Court to "review and reject the previous state court judgment"—in this case, the Order of Commitment—because plaintiff does not contest that the Order of Commitment was valid. *Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil*, 125 S. Ct. 1517, 1526 (2005)).

[5] Plaintiff withdrew his claim against the Nassau Sheriff's Office in his opposition papers. (*See* Ptf. Opp. Mem. at 1.) However, plaintiff's claims against the County of Nassau are predicated on the conduct of employees of the Sheriff's Office, and plaintiff

denial of due process. In short, plaintiff was provided ample process in advance of his commitment: he received written notice, appeared at a hearing, and was notified of his right to appeal. Plaintiff does not allege that, upon his commitment pursuant to a valid, judicial order, he made any attempt to seek judicial relief, much less that the Sheriff's Office interfered with any such efforts. This Court rejects plaintiff's argument that the Sheriff's Office was obliged, upon arresting plaintiff pursuant to a valid order of commitment, to immediately present plaintiff to a Family Court judge, in the event that plaintiff wished to re-litigate the contempt proceedings underlying his detention. The Due Process Clause does not require such measures be taken by a Sheriff who is executing a valid commitment order directing him or her to arrest and detain an individual. To the contrary, the Sheriff is bound to execute the valid order as it is written. *See, e.g., Tornheim v. Eason*, 363 F. Supp. 2d 674, 677 (S.D.N.Y. 2005) ("A sheriff is not empowered to review a facially valid court order; it is not within his scope of authority to question the legality of the provision in the Judgment."). Of course, the contemnor is free to raise such legal challenges himself, or through an attorney, by seeking to have the commitment order vacated.

Thus, given that the Sheriff was executing a facially valid commitment order by placing plaintiff in custody, plaintiff's complaint does not plausibly allege a claim of denial of procedural due process against any employee of the Sheriff's Office.[6] *See, e.g., Garenani v. County of Clinton*, 552 F. Supp. 2d 328, 333 (N.D.N.Y. 2008) ("In this case, it is undisputed that plaintiff was arrested and imprisoned pursuant to an arrest warrant and order of commitment . . . . Therefore, the arrest and imprisonment were privileged because they were effected pursuant to a facially valid arrest warrant and order of commitment."); *Pack v. Hynes*, Nos. 04 CV 0574, 04 CV 2907, 2004 WL 3090592, at *2 (E.D.N.Y. Aug. 18, 2004) ("The superintendents of various New York State correctional institutions had custody of plaintiff under a sentence and judgment of convictions valid on their face. No valid claim is stated against them individually or together."); *Gordon v. Watley*, 624 F. Supp. 1138, 1143 (S.D.N.Y. 1986) ("the Nassau defendants, acting pursuant to a detainer which contained no indication that a minimum New York sentence had been fixed, properly returned [the plaintiff] to New York State, where he was received in a department of correctional facility"); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) ("[I]f the Henrys had wished to challenge the validity of the court order directing Chief Scott to place the premises in the possession of the Bank, they should have appealed that order . . . . Having remained silent on direct appeal, the Henrys cannot collaterally attack the

---

also sues "John Doe" employees of the Sheriff's Office.

[6] As noted *supra*, the municipal liability claim against the County is premised on the alleged unconstitutional actions of the employees of the Sheriff's Office. Since there was no unconstitutional conduct by the Sheriff's Office in executing the valid commitment order, the County cannot be held liable under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). *See See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."). In any event, in the alternative, the Court holds that the conclusory allegations of a policy and practice, and a lack of training/supervision, are insufficient to state a plausible *Monell* claim. *See, e.g., Quinn v. Stewart*, No. 10 Civ. 8692 (PAE) (JCF), 2012 WL 1080282, at *5 (S.D.N.Y. Jan. 18, 2012) (conclusory allegations insufficient to state a plausible *Monell* claim).

order over three years after it was issued by suing the sheriff who executed it in federal court under § 1983.") (citations omitted). Accordingly, plaintiff's Section 1983 claims are dismissed.[7]

Having determined that the federal claims do not survive summary judgment, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc*., No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 53 (2d Cir. 1986)).

Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over any state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist*., 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over any state law claims given the absence of any federal claims that survive the motion to dismiss, and dismisses such state claims without prejudice.

III. CONCLUSION

For the reasons set forth herein, the Court grants the defendants' motion to dismiss the federal claims. The Court declines to exercise supplemental jurisdiction over the state law claims, and dismisses the state law claims without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 20, 2015
Central Islip, NY

\* \* \*

Plaintiff is represented by Bryant Cherry-Woode and Matthew Scott Porges of the Law Offices of Matthew S. Porges, Esq., 641 President Street, Suite 205, New York, New York 10009. Defendants are represented by Richard Femia of the Nassau County Attorney's Office, 1 West Street, Mineola, New York 11501.

---

[7] Although not requested by plaintiff, the Court has considered whether he should be afforded an opportunity to amend his complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Here, plaintiff's claims against the defendants are substantively deficient. Better pleading would not cure this defect in these claims, and leave to amend these claims is therefore denied. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint).